**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERARDO CAMARGO MEDINA;
CAROLINA CAMARGO,

　　　　　Petitioners,

　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　Respondent.

No. 07-70929

Agency Nos.　A079-537-720
　　　　　　　A079-537-521

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:　　CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

　　　Gerardo Camargo Medina and Carolina Camargo, husband and wife and

natives and citizens of Mexico, petition for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision

denying their applications for cancellation of removal.　We have jurisdiction under

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001), and we grant the petition for review.

The Camargos contend the IJ violated procedural due process by conducting a merits hearing on July 18, 2005, when the immigration court had given the Camargos notice of a master hearing on that date.  Because the Camargos were thus prevented from presenting the testimony of their hardship witnesses, the proceedings were rendered "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case."  *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted).  Moreover, the Camargos demonstrated that additional testimony potentially may have affected the outcome of the proceedings. *See Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002)  (prejudice is shown where violation potentially affected outcome of the proceedings).

**PETITION FOR REVIEW GRANTED; REMANDED.**

07-70929